IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| J.E. DUNN CONSTRUCTION COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 05-0092-CV-W-FJG |
| | ) | |
| UNDERWRITERS AT LLOYD'S LONDON SYNDICATE #2623, (AFB) SYNDICATE, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is a discovery dispute that has arisen among the parties. Specifically, on April 12, 2006, counsel for defendants Underwriters at Lloyd's London, Syndicate #2623, 623, 2488, 33, and Zurich Specialties of London Limited ("defendant Underwriters") sent a letter to the Court detailing the discovery dispute.[1] Defendant Underwriters requested all correspondence by and between plaintiff and Lockton, plaintiff's third-party broker for the insurance policies at issue in this matter. Plaintiff provided some documents responsive to this request; however, plaintiff maintains that correspondence to or from plaintiff and Lockton's shared counsel that was sent to both J.E. Dunn and Lockton is not discoverable based on the common interest/joint defense exception to the waiver of attorney-client privilege. Defendant Underwriters believe that the correspondence at issue is not protected by the common interest/joint defense exception.

Defendant Underwriters note that, assuming arguendo that the correspondence qualifies for the attorney-client privilege, plaintiff would still need to demonstrate that it and Lockton share a common interest. A common interest exists if the parties have an "identical (or nearly identical) legal interest as opposed to a merely similar interest."

---

[1] Counsel for defendant Underwriters represents that defendants Professional Underwriters Agency, Inc., Ramkrishna Himji Chandarana, and Syndicate #2000 join in their submission and request for production.

F.D.I.C. v. Ogden Corp., 202 F.3d 454, 462 (1st Cir. 2000).  The common interest must be a legal interest, not a commercial interest.  See In re Rivastigmine Patent Litig., No. 05 MD 166 (HB/JCF), 2005 WL 2319005, *4 (S.D. N.Y. Sept. 22, 2005); Sawyer v. Southwest Airlines, Nos. Civ.A. 01-2385-KHV, Civ.A. 01-2386-KHV, 2002 WL 31928442, *3 (D. Kan. Dec. 23, 2002).

Plaintiff responds, via its letter to the Court dated April 17, 2006, that plaintiff's counsel has been retained by both Lockton and plaintiff, and that the representation of plaintiff always has been at Lockton's expense.  Plaintiff's counsel indicates that Dunn is the only proper party plaintiff, but that Lockton, as Dunn's agent, has the same interest in seeing that the premium Dunn paid for allegedly non-existent insurance coverage is returned.  Plaintiff's counsel indicates that Lockton and Dunn have entered into a "common interest and joint defense agreement."  Plaintiff's counsel further states,

> Obviously, as far as Dunn is concerned, as Dunn's agent Lockton was at least partially responsible for ensuring that Dunn received the insurance coverage it requested.  Dunn, however, realizing that Lockton was as much a victim of Defendants' tortious conduct as Dunn was, has not made a claim against Lockton in this litigation.  If Dunn is not successful in this action it may look to Lockton for return of its premium.

Plaintiff's counsel states that these facts indicate that Dunn and Lockton have identical interests in the outcome of this litigation.  Plaintiff's counsel also provided a letter to the Court, dated April 21, 2006, with authority for the positions taken in its letter of April 17, 2006.

After a review of the authority in plaintiff's April 21, 2006 letter, the Court cannot agree with plaintiff's position.  The cases cited by plaintiff involve (1) insurer/insured relationships in a common defense context, or (2) agent/client relationships where the agent's presence was "necessary" for the prosecution or defense of the case.  In those cases, the legal interests of the two parties were identical or nearly identical.  Here, as pointed out by defendant Underwriters, if Lockton were a party to this lawsuit, it would have been aligned as a defendant, not as a co-plaintiff with J.E. Dunn.  The Court further agrees

2

that Lockton's common interest with J.E. Dunn in this litigation is commercial, not legal. As described in plaintiff's April 17, 2006 letter to the Court, Lockton's interest is in avoiding liability to plaintiff.[2] Furthermore, even though plaintiff may believe that the correspondence is privileged by virtue of its having entered into a "common interest and joint defense agreement" with Lockton, "a client's beliefs, subjective or objective, about the law of privilege" cannot "transform an otherwise unprivileged conversation into a privileged one." See In re Grand Jury Subpoena Duces Tecum, 112 F.3d 910, 923 (8th Cir. 1997).

Therefore, after considering the arguments of the parties, the Court finds that plaintiff has waived attorney-client privilege as to three-way communications between itself, Lockton, and its counsel. Plaintiff shall produce the correspondence referenced in defendant Underwriter's letter of April 12, 2006, on or before **April 28, 2006.**

**IT IS SO ORDERED.**

                                             /s/ FERNANDO J. GAITAN, JR.
                                             Fernando J. Gaitan, Jr.
                                             United States District Judge

Dated:  April 25, 2006  .
Kansas City, Missouri.

---

[2] The Court also finds it likely that Lockton is interested in maintaining a broker-client relationship with plaintiff, as described in defendant Underwriters' letter to the Court.

3